MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
Mr. Atencio, you stand before this Honorable Court today in connection with several complaints made against you in which you have been charged with conducting yourself contrary to the highest standards of honesty, morality and professional ethics. These matters were referred to the Grievance Committee of our Court, which held hearings thereon and made its report of recommendations to us. You were directed to file exceptions to that report if you cared to do so. You did file exceptions on one of the matters, but they were stricken because no transcript of the record was filed with them.
*441 With respect to the first charge against you, the Committee found that one of your clients had borrowed the sum of $800 and filed a note evidencing this obligation. Thereafter, he contacted you for the purpose of filing bankruptcy. You agreed to file this bankruptcy for a stipulated fee which was ultimately paid. The creditor of your client asserted that the bankruptcy did not operate to discharge the note, alleging that the funds were obtained through the use of fraudulent financial information. Thereafter, in order to settle this claim, your client paid $300 to you with the understanding that this sum would be sent to the attorney for the creditor and the matter closed. On the same day, he paid you another $250 for the purpose of paying off two other obligations. Some time later your client received a letter from the creditor on the note stating that suit would be filed because the claim had not been paid. When your client confronted you with this, you told him there was some mistake and that you would get it straightened out. After complaint was made, you. refunded the $250 which was paid to you on the two accounts other than the note. As for the $300, you paid an attorney for the creditor by a check that sum of money, but this check was not good. Thereafter, after repeated demands of the attorney for the creditor, you did pay the $300 in installments. Your position with respect to these matters was that you did not intend to appropriate the money to your own use, but felt, rather, that your client should not make these payments in settlement and substituted your own judgment for that of your client. You also advised at that time that you were suffering from an illness during these periods which you now state has been completely cured.
With respect to another complaint, the Committee found that you were employed by a client to represent her in obtaining a divorce for which she paid you approximately $170. The client advised you that she was anxious that the divorce be expedited as she wished to enroll in the Peace Corps. For several months, she had great difficulty in reaching you at your office and was unable to communicate *442 with you. There is a dispute between you and your client as to whether or not you told her a date had been set for the hearing. At any rate, some nine months later you withdrew your appearance and a divorce decree was entered within a month thereafter by another attorney who proceeded with the divorce. The Committee found that your client expected you to proceed diligently with the divorce, that you failed to expedite the action and that under the circumstances you were dilatory in prosecuting the divorce action and failed to exercise proper care in communicating with your client regarding its status.
In another case, a client employed you to commence divorce proceedings for a fee of $227 and you advised the client that the divorce action had been commenced. However, you did not file the action until after the client made an informal complaint to the Grievance Committee. It is clear from the findings above, that you were extremely dilatory in handling the affairs of your client.
Your conduct, Mr. Atencio, has been extremely improper and contrary to the highest standards of professionalism. Lawyers are required by the obligations of their office to act with diligence in the affairs of their clients and in judicial proceedings. Conduct such as yours can only lead to contempt by the public for the calling which you profess.
Mr. Atencio, you are publicly reprimanded for your dereliction of duty, and your continuing status as a member of the Bar of this Court is in serious jeopardy. You are solemnly warned that repetition of these violations or any other breach of your duty as a lawyer will be sufficient cause for more severe disciplinary action.
You are assessed costs in this matter in the sum of $429.22, which you are directed to pay into the Registry of this Court within 90 days.
MR. JUSTICE LEE not participating.